■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER M. COSEL, Appellant, v. DANIEL F. McMAHON, as Sheriff of Westchester County, Respondent.— In a habeas corpus proceeding, relator appeals (1) from a judgment of the County Court, Westchester County, dated August 15, 1973, which dismissed the writ, and (2) as limited by his brief, from so much of a further judgment of the same court, dated September 11, 1973, as, upon reargument, adhered to the original determination. Appeal from judgment dated August 15, 1973 dismissed as academic, without costs. That judgment was superseded by the judgment dated September 11, 1973. Judgment dated September 11, 1973 reversed insofar as appealed from, on the law, without costs, and the proceeding remanded to the County Court, Westchester County, for further proceedings not inconsistent herewith. The undisputed facts disclose that relator was arrested in this State under the authority of a warrant issued by the Tenth Circuit Court of the State of Connecticut. The warrant was issued upon an affidavit (complaint) of a police officer of the Connecticut State Police alleging relator's participation as a principal in the sale of marijuana through an agent in the State of Connecticut on November 27, 1972. It is averred by relator's attorney, upon information and belief, that petitioner was in the State of New York on the date the crime charged is alleged to have been committed, and not in the State of Connecticut. In dismissing the writ the County Court relied upon CPL 570.16, which provides for the extradition of persons not present in the demanding State at the time of the commission of an alleged crime. It is a requirement of the statute that the person sought to be extradited be charged in the demanding State, in the manner provided by CPL 570.08, with committing an act in this State or in a third State, intentionally resulting in a crime in the demanding State, when the acts for which extradition is sought would be punishable by the laws of this State if the consequences claimed to have resulted therefrom in the demanding State had taken effect in this State. The present record is completely barren of all material and relevant documents and supporting papers forming the predicate for the rendition warrant issued by the Governor of the State of New York, including, *inter alia,* the requisition and supporting affidavits and papers from the Governor of the demanding State, particularly the affidavit or complaint of the Connecticut State police officer on the application to obtain the initial warrant of arrest. The above-mentioned document and supporting papers are essential to a determination that there was probable cause sufficient to justify the issuance of the rendition warrant. In our view, the affidavit or testimony of the Connecticut State police officer is vital to a determination as to whether relator, properly identified, did actually commit an act in this State resulting in a crime being committed in the State of Connecticut (cf. *People ex rel. Butler* v. *Flood,* 29 A D 2d 692; *People ex rel. Coryell* v. *Flood,* 36 A D 2d 977). The record is deficient in this respect. The record is further deficient in failing to establish properly that the crime charged in the demanding State would be punishable under the laws of this State, as required by CPL 570.16. Respondent should furnish to the County Court all the papers and materials described above, necessary for the court to make a determination that there was probable cause sufficient to justify the issuance of the rendition warrant. The County Court should then make its determination on the basis of such matter. Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.